UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

Pisauro, et al                                                          Civil Action No. 15-02832

versus                                                                    Judge Elizabeth E. Foote

Silvia, et al                                              Magistrate Judge Carol B. Whitehurst

**Report and Recommendation**

Before the Court is an unopposed[1] Motion To Dismiss Pursuant to Rule 12(b)(2)  filed by defendant, Scott Police Department ("Police Department"), [Rec. Doc. 4].  Defendant contends that because the Police Department is not a separate legal entity, it is not a juridical person capable of being sued, and therefore, no relief can be granted against it.

Rule 17 of the Federal Rules of Civil Procedure addresses the capacity of parties to a lawsuit.  Rule 17(b)(3) states that the capacity to sue or be sued of a party such as the Police Department, which is neither an individual nor a corporation, is determined by the law of the state where the court is located.  Fed.R.Civ.P. 17(b)(3). Under Louisiana law, a person may be either natural or juridical. "A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."  LA. C. C. Art. 24.  The Louisiana

---

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion.  Any opposition to the Police Department's motion was due by January 22, 2016.

Supreme Court has adopted the following approach for determining whether a political subdivision is a separate and distinct juridical person:

> The important determination with respect to the juridical status or legal capacity of an entity .... is whether the entity can appropriately be regarded as an additional and separate government unit.... In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

*Roberts v. Sewerage & Water Bd. of New Orleans*, 634 So.2d 341, 346-47 (La.1994).

It is undisputed that the laws governing the incorporation of the City of Scott make no provision for the police department as a separate entity. In his September 17, 2014 affidavit, City of Scott Mayor, Purvis J. Morrison, represents, "[T]he City of Scott Police Department is merely a subdivision of the city of Scott and is not an autonomous, separate, independent or distinct body corporate but rather is merely an agency or division of the greater corporate juridical body, that being the City of Scott." *R. 4-2*.

As the City of Scott has not granted the Police Department the status of a corporate body and has not placed it under a separate board with powers of self government, the Police Department cannot be sued as such. The undersigned therefore recommends that the unopposed Motion To Dismiss Pursuant to Rule 12(b)(2) filed by the Police Department, [Rec. Doc. 4], be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed this 26th day of February, 2016 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE