# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE  DIVISION

Pisauro, et al                                        Civil Action No. 15-02832

versus                                                    Judge Elizabeth E. Foote

Silvia, et al                                     Magistrate Judge Carol B. Whitehurst

## Report and Recommendation

Before the undersigned is an unopposed[1] Motion To Dismiss Pursuant To Rule 41(b), filed by the City of Scott, Officer Larry Williams, individually and in his official capacity as a Police Officer for the City of Scott, and Chief Chad Leger, individually and in his official capacity as Chief of Police of the City of Scott ("City of Scott"),[Rec. Doc. 24], adopted by the Lafayette Parish School Board, ("School Board")—(all collectively known as "Defendants"),[2] moving to dismiss all of Plaintiffs' remaining claims.  Also before the undersigned are the Court's Orders To Show Cause [Rec. Doc. 25, 26], as to why Plaintiffs' remaining claims against Defendants should not be dismissed for the same reasons as the Motions to Dismiss.

The factual background of this case has been well documented and the Court

---

[1] Under Local Rule 7.5, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion.  Any opposition to Defendants' motion was due by August 7, 2016.

[2] The School Board moved to adopt the City of Scott Defendants' Motion to Dismiss at the August 17, 2016 hearing. The Court granted the motion.

will not restate it. The procedural history provides that Defendants each filed an unopposed motion to dismiss Plaintiffs' claims against them. The undersigned issued Report and Recommendations on March 23 and March 28, 2016, recommending to the District Judge that the Motions To Dismiss be granted in part, dismissing some of Plaintiffs' claims with prejudice, and denied in part as to the other claims, allowing Plaintiffs to seek leave of Court to amend their Petition. *R. 17; 18.* The undersigned further recommended that the Plaintiffs be allowed fourteen (14) days from the entry of the District Court's ruling on the Report and Recommendation to file their motion for leave to amend the Petition.

The District Court issued orders adopting the undersigned's reports and recommendations on June 28, 2016. *R. 20, 21, 22, 23.* Thus, Plaintiffs were given until  July 12, 2016 to file any motion for leave to amend their Petition. The record indicates that at the time of the entry of this Order, Plaintiffs have not filed any motion for leave to amend their Petition. Nor have Plaintiffs or their counsel made any other filing in this action since the case was removed to this Court on December 15, 2015.

On July 14, 2016, the City of Scott Defendants filed the instant Motion To Dismiss moving to dismiss Plaintiffs' case  for failure to prosecute under Federal Rule of Civil Procedure 41(b). *R. 24.* Defendants assert that Plaintiffs failed to

comply with the Court's orders to amend their Petition, including, *inter alia*, to demonstrate standing, and therefore, the litigation can not move forward without Plaintiffs curing the defects in the Petition. Defendants adopt, reurge and incorporate by reference their previous Motions to Dismiss and Memoranda in support. *R. 4, 5, 8.* Also on July 14, 2016, this Court issued Orders to Show Cause and set a show cause hearing on August 17, 2016 at 10:00 a.m. *R. 25, 26.* The Court stated in the Orders, "Plaintiffs shall show cause why this case should not be dismissed with prejudice for their failure to comply with the Court's Order to file leave to amend the Petition by July 12, 2016." *Id.* The record provides that counsel for Plaintiffs, Carl J. Castille, was provided electronically mailed notice of Defendants motion and the Court's Orders and hearing with oral argument via the e-mail address he provided to the Court, castillecj@yahoo.com. *R. 25, 26, 27, 29.*

The Court conducted a hearing with oral argument on the Motions To Dismiss and Rule to Show Cause on August 17, 2016, at 10:00 a.m. Upon calling the case at approximately 10:50 a.m., no one made an appearance for Plaintiffs. At that time, counsel for Defendants represented that they had previously emailed Attorney Castille and left a message on his office telephone regarding the hearing, but had no response.

Federal Rule of Civil Procedure Article 41(b) provides:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–*operates as an adjudication on the merits*.

Rule 41(b) allows a district court to dismiss an action upon the motion of a defendant, or upon the court's own motion, for failure to prosecute. *Berry v. Cigna/RSI–Cigna*, 975 F.2d 1188, 1190 (5th Cir.1992). "This authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Id.* at 1190–91.

Since a dismissal with prejudice deprives a litigant of the opportunity to pursue his claim, the Fifth Circuit has limited the discretion of the district court in dismissing cases with prejudice. *Id*. at 1191. The Fifth Circuit will affirm dismissals with prejudice for failure to prosecute only when (1) "there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id*. In addition, there must be at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The law is clear that all parties must comply with the orders of the Court.

Sanctions against a non-compliant party are warranted to control the Court's docket and to maintain the orderly administration of justice. Such sanctions may include dismissal of the action. *See* FRCP 16(f); FRCP 41(b); *Link v. Wabash Railroad Co*, 370 U.S. 626, 629-630 (1962); *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).

Here, there is a clear record of delay or contumacious conduct by Plaintiffs. The Court finds that lesser sanctions will not prompt diligent prosecution. The Court has received no response whatsoever from Plaintiffs or their attorney, despite multiple orders from the Court.[3] It appears clear to the undersigned that Plaintiffs are not interested in pursuing this case in this Court.

Based on the history of this matter, the undersigned recommends that the City of Scott Defendants' Motion to Dismiss, *R. 24*, adopted by the School Board Defendants, be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE at Plaintiffs' costs** under Rule 41(b) for Plaintiffs' failure to prosecute and comply with the Court's orders.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b),

---

[3] There is no question that a party is bound by the acts of his attorney. "[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant[s]." *Woodson*, 57 F.3d at 1418 (citing *Link*, 370 U.S. at 634-635).

parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED this 18th day of August, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**